UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANJEET SINGH, A-246-775-395,<br>Petitioner,<br>v.<br>CHESTNUT, et al,<br>Respondents. | No. 1:26-cv-0389 DJC AC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former federal immigration detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241 through counsel, while he was civilly detained by Immigration and Customs Enforcement ("ICE"). ECF No. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons discussed below, the undersigned recommends that petitioner's petition be granted, respondents be permanently enjoined from re-detaining petitioner absent specific constitutional procedures, and respondents' motion to dismiss (ECF No. 7) and renewed motion to dismiss (ECF No. 9) be denied.

I. Factual and Procedural History

Petitioner, a native and citizen of India, entered the United States without inspection in April 2023 and was detained by immigration officers and subsequently released on his own

recognizance under 8 U.S.C. § 1226(a). ECF Nos. 1 (Verified Petition)[1] at 14; 3 (Response to Order to Show Cause; Motion to Dismiss Petition; Opposition to Injunctive Relief) at 3; 3-1 at 1-4 (Petitioner's Counsel's Declaration) and 6 (Notice to Appear); 7-1 (Form I-213) at 3. Petitioner subsequently filed an application for asylum and never missed an immigration court hearing or required ICE check-in. ECF No. 1 at 14. Despite the absence of changed circumstances, petitioner was re-detained by immigration officers on September 27, 2025. Id.; ECF Nos. 3-1 at 14 (Notice to EOIR: Alien Address); 7-1 at 1-2. He was not afforded a pre-deprivation notice or hearing. ECF No. 1 at 17.

On January 19, 2026, the court received the petition for writ of habeas corpus, which petitioner filed along with a motion for temporary restraining order. ECF Nos. 1, 3. The petition asserts that petitioner's detention violates his substantive and procedural due process rights under the Fifth Amendment Due Process Clause and the Immigration and Nationality Act ("INA"). ECF No. 1 at 15-17. By way of relief, petitioner seeks (1) a declaration that his arrest and re-detention violates the Fifth Amendment Due Process Clause and the INA, (2) release from immigration custody, (3) an injunction against re-detention absent compliance with 8 U.S.C. § 1226(a) where the government bears the burden of proof by clear and convincing evidence, (4) an award of Equal Access to Justice Act ("EAJA") fees and costs, and (5) any other relief deemed just and proper. Id. at 19.

Respondents were "ordered to show cause as to whether there are any factual or legal issue in this case that render it distinct from" Ortega v. Noem, No. 1:25-cv-01663 DJC CKD, Singh v. Andrews, No. 1:25-cv-01543 DJC SCR, and Mariagua v. Chestnut, No. 1:25-cv-1744 DJC CSK that "would justify denial of a preliminary injunction." ECF No. 4. Respondents were further directed to inform the court whether they opposed the court converting the motion for temporary restraining order into a motion for preliminary injunction. Id.

Respondents filed a response to the order to show cause, a motion to dismiss the petition

[1] Petitioner's counsel submitted a declaration along with the petition and motion for temporary restraining order attesting that he "reviewed and verified the factual allegations contained in the complaint in this case with the Petitioner and ha[s] verified the accuracy and correctness of each allegation to the best of [his] ability." ECF No. 3-1 at 3.

for writ of habeas corpus, and an opposition to injunctive relief. ECF No. 7. In their pleading, respondents concede there are no material differences between this case and the cases cited in the court's minute order; note the only factual difference in this case is that petitioner was convicted of driving under the influence in September 2024; indicate they do not oppose a conversion of the motion to a motion for preliminary injunctive relief or ruling on the petition; and ask that if the court does not rule on the petition, the court hold the case in abeyance 180-days "to allow Respondents to determine whether appeals currently pending in the Ninth Circuit are likely to have precedential effect on current immigration habeas litigation, including this case." ECF No. 7 at 2-3. Respondents argue that because petitioner entered the United States unlawfully, he is "an 'applicant for admission' who is subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)," and who "does not possess a right to freedom from immigration detention in any form other than the form provided by Congress." Id. at 3. Although "Respondents acknowledge that the weight of authority is not in their favor," they "oppose the habeas petition." Id. at 3-4.

Because respondents had not identified any material factual or legal issues in this case that distinguish it from the cases cited in the court's minute order, and for the reasons stated in those cases, the court converted the motion for temporary restraining into a motion for preliminary injunctive relief and granted the motion. ECF No. 8. The court ordered petitioner's immediate release from custody and enjoined respondents from "re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the changed of circumstances necessitating his arrest and detention, and a timely hearing," at which "Petitioner shall be allowed to have counsel present" and "the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight." Id. Respondents were also ordered to show cause why the petition should not be granted and a permanent injunction entered on the same grounds as the preliminary injunction, and the matter was referred to the undersigned. Id.

Respondents filed a response to the order to show cause and a renewed motion to dismiss the petition, stating that they did not envision the court granting a permanent injunction and

seeking to modify the injunction language to prevent the injunction of petitioner's re-detention in the event he is issued an executable final order of removal. ECF No. 9.

II. Analysis

For several reasons—the Ninth Circuit's recent ruling in Rodriguez Vazquez, the court's minute order granting a preliminary injunction, and the court's prior orders in Ortega, Singh, and Garcia Mariagua, which the undersigned adopts and incorporates as if separately set forth herein—the court finds that petitioner has shown by a preponderance of the evidence that his detention without a pre-deprivation hearing or the procedures specified in 8 U.S.C. § 1226(a) violates his right to procedural due process under the Fifth Amendment and his statutory rights under the INA. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165, 1193 (9th Cir. 2026) (noncitizens present without admission who are apprehended in the interior of the United States are subject to discretionary detention under 8 U.S.C. § 1226, not mandatory detention under § 1225(b)(2)(A), and are entitled to a bond hearing); Ortega v. Noem, No. 1:25-cv-1663 DJC CKD, 2025 WL 3511914 (E.D. Cal. Nov. 7, 2025) (granting preliminary injunctive relief based on the likelihood of success of petitioner's procedural due process claim based on the revocation of his prior release); Singh v. Andrews, No. 1:25-cv-1543 DJC SCR, 2025 WL 3248059 (E.D. Cal. Dec. 9, 2025) (granting preliminary injunctive relief based on the likelihood of success of petitioner's INA claim); Garcia Mariagua v. Chestnut, No. 1:25-cv-1744 DJC CSK, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025) (granting preliminary injunctive relief based on the likelihood of success of petitioner's procedural due process claim based on revocation of his prior release and INA claim); see also Mariadiaga Peralta v. U.S. General Attorney/ICE, No. 1:26-cv-6954 DJC CSK, 2026 WL 2667389 (E.D. Cal. Sept. 10, 2026) (granting petition for writ of habeas corpus on petitioner's procedural due process claim because petitioner's prior release "creates a liberty interest that requires pre-deprivation notice and opportunity to be heard"); Ramirez Pinto v. Warden, California City Det. Ctr., No. 1:26-cv-7030 DJC SCR, 2026 WL 2666227 (E.D. Cal. Sept. 10, 2026) (same); Ruiz-Araque v. Andrews, No. 1:26-cv-7124 DJC JDP, 2026 WL 2667384 (E.D. Cal. Sept. 10, 2026) (granting petition for writ of habeas corpus and ordering release because the lengthy delay in providing a statutorily mandated bond hearing violates petitioner's

due process rights and justifies release); Himanshu v. Chestnut, No. 1:26-cv-0090 DJC EFB, 2026 WL 1948981 (E.D. Cal. July 6, 2026), findings and recommendations adopted in 2026 WL 2215960 (E.D. Cal. July 31, 2026) (recommending the petition for writ of habeas corpus be granted on petitioner's procedural due process claim because petitioner entered the United States unlawfully, was released on his own recognizance and re-detained at his ICE check-in without an individualized bond hearing).

In cases like this—where the court finds a violation of a petitioner's procedural due process rights or statutory rights under 8 U.S.C. § 1226(a)—this court has ordered the petitioner's immediate release, if not already released pursuant to a preliminary injunction, and a permanent injunction enjoining respondents from re-detaining petitioner absent notice and a pre-detention hearing before an immigration judge at which respondents will bear the burden of demonstrating a change in circumstances that justifies such detention. Ramirez Pinto, 2026 WL 2666227, at *1 (ordering petitioner's release and permanent injunction against re-detention "absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the changed of circumstances necessitating his arrest and detention, and a timely hearing," at which "Petitioner shall be allowed to have counsel present" and "the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight" based on a violation of petitioner's procedural due process rights);[2] Himanshu v. Chestnut, 2026 WL 2215960 (ordering petitioner's release and a permanent injunction against re-detention absent constitutional procedural protections where respondent revoked petitioner's prior release without pre-deprivation procedures); Ruiz-Araque, 2026 WL 2667384, at *1 (ordering petitioner's release and a permanent injunction against re-detention absent pre-deprivation procedures based on a violation of petitioner's rights under 8 U.S.C. § 1226(a)); Mayen v. Warden, California City Detention Center, No. 1:26-cv-2354 DAD AC, 2026 WL 1067525 (E.D. Cal. Apr. 20, 2026), report and recommendations adopted, 2026 WL 1158217

---

[2] The order also stated, "This Order does not address the circumstances in which Respondents may detain petitioner in the event Petitioner becomes subject to an executable final order of removal." Ramirez Pinto, 2026 WL 2666227, at *1.

(Apr. 29, 2026) (recommending a permanent injunction be entered based on a finding that petitioner was detained in violation of the INA); see also Ramirez Godinez v. Warden of the California City Detention Facility, No. 1:26-cv-5584 DC AC, 2026 WL 2455251, at *5 (E.D. Cal. Aug. 21, 2026), report and recommendations adopted, 2026 WL 2494928 (E.D. Cal. Aug. 25, 2026) (recommending a permanent injunction based on a finding that respondents violated the noncitizen's due process rights in detaining him and depriving him of the procedural protections under 8 U.S.C. § 1226(a) and collecting cases). The undersigned follows suit in recommending the same relief in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on the Fifth Amendment procedural due process claim and the Immigration and Nationality Act ("INA") claim.

2. The court DECLARE that petitioner's re-detention on September 27, 2025, without pre-deprivation procedures violated petitioner's rights under the Fifth Amendment Due Process Clause and petitioner's detention without a bond hearing violated petitioner's rights under the INA.

3. The court DISMISS WITHOUT PREJUDICE the remaining claims in the § 2241 petition in the interests of judicial economy since the requested relief has been granted.

4. The preliminary injunctive relief previously granted be made PERMANENT.

5. The court order state that the order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

6. Respondents' motion to dismiss (ECF No. 7) and renewed motion to dismiss (ECF No. 9) be DENIED.

7. Petitioner's request for attorney's fees and costs be DENIED WITHOUT PREJUDICE to bringing a properly noticed and supported motion.

8. All other pending motions, if any, be DENIED as MOOT.

9. The Clerk of Court be directed to enter judgment in favor of petitioner and close this

case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 16, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE